*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, DALY, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Adam M. PYRON**
Master-at-Arms Petty Officer Second Class (E-5),
U.S. Navy
*Appellant*

**No. 201900296 (f rev)**

_____

Decided: 15 January 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ryan Stormer (arraignment and motions)
Andrea K. Lockhart (motions and trial)

Sentence adjudged 21 July 2023 by a general court-martial tried at Naval Station San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 6 years, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Raymond E. Bilter, JAGC, USN*

---

[1] Appellant was credited with having served 1,698 days of pretrial confinement.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

This case is before us a third time.

In 2019, a general court-martial consisting of members with enlisted representation convicted Appellant, contrary to his pleas, of attempted rape of a child, rape of a child, and sexual abuse of a child, in violation of Articles 80 and 120b, Uniform Code of Military Justice (UCMJ).[2] In April 2021, this Court reversed Appellant's convictions and authorized a retrial owing to implied bias of one of the members.[3]

In July 2021, the convening authority re-referred the same charges and specifications against Appellant for retrial by general court-martial. During the retrial, the military judge excluded Appellant's testimony from his first trial. The Government appealed that ruling to this Court. We granted the Government's appeal, vacated the military judge's ruling, and remanded for further proceedings not inconsistent with our opinion.[4] The convening authority subsequently referred an additional charge of sexual abuse of a child against Appellant. The case proceeded to trial and, in July 2023, a general court-martial consisting of a military judge sitting alone convicted Appellant, consistent with his pleas, of two specifications of sexual abuse of a child, in violation of Article 120b, UCMJ.[5]

The case is again before us for appellate review. After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[6]

_____

[2] 10 U.S.C. §§ 880, 920b.

[3] *United States v. Pyron*, 81 M.J. 637 (N-M. Ct. Crim. App. 2021).

[4] *United States v. Pyron*, No. 201900296, 2022 CCA LEXIS 410 (N-M. Ct. Crim. App. Jul. 15, 2022) (unpublished), *aff'd,* 83 M.J. 59 (C.A.A.F. 2023).

[5] 10 U.S.C. § 920b.

[6] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

However, contrary to the requirements of Rule for Courts-Martial (R.C.M.) 1111(b)(2)(A)-(B), the Entry of Judgment (EOJ) does not specify the individually segmented terms of confinement adjudged for each of Appellant's two convictions, nor does the EOJ reflect that the terms of confinement are to run concurrently. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[7] In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[7] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

| UNITED STATES | NMCCA NO. 201900296 |
|---|---|
| v. | ENTRY<br>OF<br>JUDGMENT |
| **Adam M. PYRON**<br>**Master-at-Arms Petty Officer**<br>**Second Class (E-5)**<br>**U.S. Navy** | |
| | *As Modified on Appeal* |
| *Accused* | **15 January 2025** |

On 21 July 2023, the Accused was tried at Naval Base San Diego, California, by a general court-martial consisting of a military judge sitting alone. Military Judge Andrea K. Lockhart presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **Attempted rape of a child who had not attained the age of 12 years, at or near Yokosuka, Japan, on or about 4 February 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Attempted rape of a child who had not attained the age of 12 years, at or near Yokosuka, Japan, on or about 4 February 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge II:     Violation of Article 120b, UCMJ, 10 U.S.C. § 920b.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification 1:     Rape of a child who had not attained the age of 12 years, at or near Yokosuka, Japan, on or about 4 February 2019.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:     Sexual abuse of a child who had not attained the age of 12 years, by sexual contact, at or near Yokosuka, Japan, on or about 4 February 2019.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification 3:     Sexual abuse of a child who had not attained the age of 12 years, by engaging in indecent conduct, at or near Yokosuka, Japan, on or about 4 February 2019.**

> *Plea:* No plea entered.
>
> *Finding:* Withdrawn and dismissed without prejudice by direction of the convening authority on 15 July 2019.

**Specification 4:     Sexual abuse of a child who had not attained the age of 12 years, by indecent exposure, at or near Yokosuka, Japan, on or about 4 February 2019.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 5:     Sexual abuse of a child who had not attained the age of 12 years, by indecent exposure, at or near Yokosuka, Japan, on or about 4 February 2019.**

> *Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 6:** **Sexual abuse of a child who had not attained the age of 12 years, by indecent communication, at or near Yokosuka, Japan, on or about 4 February 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Additional Charge:** **Violation of Article 120b, UCMJ, 10 U.S.C. § 920b.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:** **Sexual abuse of a child who had not attained the age of 16 years, by sexual contact, at or near Yokosuka, Japan, on or about 4 February 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 21 July 2023, a military judge sentenced Master-at-Arms Petty Officer Second Class Adam M. Pyron to the following:

**Reduction to pay grade E-1.**

**Confinement**

*Specification 2 of Charge II:*

confinement for six years.

*Specification of the Additional Charge:*

confinement for six years.

The terms of confinement will run concurrently.

**Confinement for a total of six years.**

**Dishonorable Discharge.**

Master-at-Arms Petty Officer Second Class Pyron shall be credited with 1,698 days of pretrial confinement credit.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court